Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 23-1911, United States v. Jadna Flores-Nater. At this time, would counsel for the appellant please come to the podium and introduce themselves on the record to begin. Good morning, Your Honors. May it please the Court. I'm Lucas Anderson, here for the appellant, Jadna Flores-Nater. May it please reserve two minutes for rebuttal. Two minutes. This is an appeal from a resentencing proceeding that was held after this Court directed the District Court to articulate a plausible sentencing rationale for a prison sentence that was three times as long as the sentencing guidelines and five years above the stipulated sentencing recommendation. We've presented two points on appeal and I'd like to begin with the second because it's the simpler of the two. The District Court has now repeatedly declined to consider, much less acknowledge, my client's presented arguments relating to his youth at the time of this crime. How do you know the Court didn't consider it? Counsel talked for a long time. The Court was sitting there. Don't we presume the Court may have considered it and posed the question whether it needed to do more than simply consider it? It needed to offer some explanation. No, Your Honor. This is a situation that was very similar to the Colon Cordero case, where what the District Court did say was, I received your sentencing submissions. I received the pre-sentence report. I've considered, you know, I've considered the 3553 factors and, therefore, here's my sentence. But in the Colon Cordero case, this Court made clear that that isn't actually acknowledging, you know, grappling with the mitigating argument that's been presented. And this wasn't just one of a series of mitigating arguments. This was the key overarching mitigating argument that my client presented, both of the initial sentencing. But he does go on a great length about the violence and the seriousness of the offense. And it obviously is a very serious offense. So you could view it as, I've heard everything you say. And my reason is, I mean, it's not just like, he didn't just do some boilerplate, oh, I read everything. I mean, he went on and on about why. So it seems to me that makes it somewhat different than the case you're talking about in that it dovetails with what Judge Kayada said. Well, he heard all that, but here's what motivated him. And so he's talking about what motivated him. What's wrong with looking at it that way? He did talk about what motivated him, and he never once grappled with my client's main mitigating argument, which, you know, there are two separate points on appeal, but they are sort of interrelated in that way, this explanation that he gave. Again, when you say he didn't grapple with it, I'm having trouble imagining us presuming that a district court judge would sit there, listen to a discussion for 10 minutes, and not consider it or grapple with it or whatever in his mind. What seems to me to be relevant is your argument is that whether he considered it or not, whether he grappled with it or not, he offered no explanation. Hence, we have no basis for reviewing the adequacy of the explanation. That's correct. There's no basis to say that he never even heard the arguments and didn't consider them in his mind. But when you provide a sentencing explanation, that's what I mean in our second point on appeal, where I say that he did not acknowledge, you know, say anything out loud about how he considered this mitigating argument. And do you view this as preserved, that argument that the judge did not articulate or provide a response to the age argument? With this point, I'm not sure how much more it could have been preserved, just as it was the first time around when this case was before this court. You know, this trial attorney Well, did he say, I object, and you are not considering my argument? No. This trial attorney below presented a sentencing submission that was almost entirely about this mitigating argument, said, we'd love you to consider these arguments, Judge. The judge said nothing about them in the initial sentencing. There was an appeal to this court based entirely on the fact that the district court didn't consider that mitigating argument. And then the district court at resentencing started off the proceeding by criticizing this court for remanding, quote, not on the basis of his age. And then my client's attorney said, you know, at the outset of his presentation, Judge, we've already presented these arguments. We would love you to consider them. I believe it's page three of the resentencing transcript. And still, the district judge, I think, at that point, pointedly did not acknowledge those arguments. And preserving arguments, like, it's whether the court was on notice of the argument, of the objection. It's not who has the last word. You know, once a judge has imposed But the thing he did wrong, you're telling me, is he said a bunch of things, but he didn't say anything about this point. So isn't it incumbent on the lawyer at the end of that to say, Your Honor, I heard everything you said, but you didn't say anything about the thing I care about. No, preservation relates to whether the judge is on notice of the argument. And this judge could not have been more on notice of his arguments presented twice. If this wasn't presented twice. But it's on notice of the failing to say enough. And how is he on notice of that until he says something, and then someone says to him, you didn't say enough? I believe that that would be a view of preservation that would not jive with the Supreme Court's view of it, or with Rule 51's view of it. This judge, it's everything that was presented to him, almost, from the defense side, had to do with this argument. And I think saying that this wasn't preserved, this is a review for peace of discretion. The trickiness here, the difficulty for you, is what the this is. In other words, clearly your client presented the argument that his age should be, or mental condition, or whatever, should be taken into consideration. Did that, said that, fully preserved. But the claimed error, if you articulate the claimed error as a failure to offer an explanation, then your counsel never said to the judge, judge, you're obligated to explain your reliance on that. And so that poses for us the question of whether issue preservation requires that type of objection, which could only be made after the judge announces the sentence. The initiation of the resentencing proceeding, defense counsel said, we made an analysis of the relevant 3533 factors regarding young offenders, and we are just asking the court to take into consideration those factors. And so a preservation view that says, well, the judge had the last word, and defense counsel didn't stand up and say, what I said before, I just want to say again, that I don't think is a legitimate view of preservation that jives with. I think the problem is that under our case law, we require an objection for a failure to explain after the judge has given his sentence. And so then if there isn't one, we might look at it on appeal with the lens of plain error, if that's brief to us. That would be entirely inconsistent with this court's prior ruling in this very case. If you look at the sentencing proceeding, it was held the first time. And the arguments that were raised on appeal, and this court's decision on appeal, if this court were to rule another way and say, well, defense counsel didn't stand up and say, I ought to have last word and say again, now for I believe it would be the fourth time, I wish you would consider these arguments, that that's what's required for preservation. Well, the government tells us that they reference the age. He said some things about age. I'm not saying those are good enough or not good enough. But the government was able to make an argument that he did consider age. Now, you disagree with that argument, but the point of objection would be to say to the judge, you didn't do it. You may think you did it, but you didn't do it. And that's what we're objecting to. So you need to do it. I mean, I have to consider the very unique circumstances of this case where there had already been an appeal and a remand to the district court. And the district court starts off by saying, you already appealed to the circuit court on the grounds that I didn't consider your mitigating argument, and then complains, but the circuit remanded the case to me, but not on the basis of his age. I mean, this is a very unique case in that sense, in that the district court itself was saying, on the record, how unnoticed of the arguments he was, how much it was clear that he was supposed to consider arguments and present a plausible explanation for the sentence. And not just a plausible explanation, but given a variance of this magnitude, a sufficiently detailed explanation. And I would like to say at least one sentence about our second point on appeal before my time runs out. It was not grounded in an individualized assessment of my client or his conduct. And for various reasons that we presented in our briefs, it doesn't amount to a plausible sentencing rationale. Thanks, the court. Thank you. At this time, would counsel for the United States please introduce herself on the record to begin? Good morning, your honors. May it please the court, Maria Luther for the government. This court should affirm Mr. Flores' sentence, because even assuming no waiver, the district court here provided sufficient reasons explaining which reasons and why warranted up for the variance sentence. Now, I would like to start by addressing where this court left off with the waiver question. Mr. Flores did not provide any objections before the district court with regard to any of the issues he's now raising on appeal. And the district, so he did not put the district court to notice that the district court did not sufficiently, as he was hearing. Don't we have cases saying we're a little hesitant to require objections for preservation purposes if the nature of the objection is that it could only be made after the judge hands down the sentence, because that's usually the end of the proceeding. And we don't want counsel feeling that they have to be doubly sure to repeat stuff they've said before? In this case, it would not have been a repeating of what has been said before, because the issue here is whether the district court sufficiently considered his age as a mitigating factor in its sentencing analysis. And here, Mr. Flores did not put the district court to notice at the end of the sentencing that he considered the district court not to have considered his age sufficiently. So the plenary review does apply on appeal. But in any event, even assuming there was no waiver, the district court did here address the age. The district court not only mentioned Mr. Flores' age when discussing the history and characteristics, but also engaged with it. He compared Mr. Flores' age to that of his victim. But that's not really what's going on here. I mean, it seems like there's a non-frivolous argument that the Supreme Court has recognized that youthful people lack judgment and maturity that affects how we should view criminal culpability. This person committed a very, very serious crime at 18 years and two months. Some of the facts seem to suggest he was pressured to do it by others. That gets to a really central difficult point. And the judge saying his age, just as a recitation of facts, doesn't really seem to be engaging with a very potentially significant and serious argument. So, assuming it's plain error, why isn't it plain error that this was the central feature of the defendant's position grounded in Supreme Court law, at least adjacent, and he just really never addressed it? It is not plain error because the district court did provide that comparison of comparing, not only mentioning the age, but also comparing Mr. Flores' age to that of his victim. Why does that matter? Yes, he killed another young person. That's a terrible tragedy, which he got and should get, I think, probably a pretty long jail sentence. Of course. But the question isn't that. The question is why and what were the factors that contributed to the defendant committing the crime? And that has nothing to do with the age of the victim. That may have to do with the terrible tragedy that the case is, but it does not address the argument that the defendant is making. It goes to show that the district court did consider the age. It goes to show that the district court equally weighed the victim's age and, in effect, did not give as much weight to this mitigating factor as Mr. Flores would have liked, which is within the district court's discretion. How much weight did he give to it? We don't know. But there is no case law saying that there has to be explicit, like, how much weight? He never mentioned it. Like, the real argument is the youth and immaturity that attacked him. I think he was 18 years and two months, I think, when he committed the offense. Correct. There's no discussion at all about how should that fact, that potential lack of maturity and judgment, play into the sentence. To just say his age, that doesn't really tell us anything. He did not only say the age, but also compared the age to the victim, providing that weight to the victim's age as well, and comparing the lack of maturity and age to the victim's age, and then considered all the aggravating circumstances. All right, explain to me how that addresses the maturity problem, that they are of the same age. The person who committed the crime and the victim are the same age. How does that shed any light at all on the maturity argument that the defendant raised? It can be inferred from the district court's reasoning here that the district court did consider the age. The district court discussed the age, compared the victim's age to that of Mr. Flores, and discussed all the aggravating factors in this case, which in the judge's mind, warranted the operative variant, 360-month sentence here. The district court, at length, discussed the aggravating factors here. It discussed the particularly egregious facts of the murder, that Mr. Flores had a specific intent to kill the victim, that they kidnapped the victim at gunpoint, forced him into a car, took him into a remote location, and that Mr. Flores was the one who executed the victim in this case. Not only that, but the victim's face was obliterated. He received 10 shots in the face, as well as 12 additional shots in the upper body. Mr. Flores was one of the two defendants also that destroyed evidence that burned the car with which the victim was transferred to the execution site. The district court stated this was a particularly callous murder, and described the victim's fear and anxiety in the final moments of his life. This was not all. The district court also pointed out that there were other counts of convictions that were dismissed that were particularly serious. One of them called for a mandatory life sentence. In addition, that count two, the count of conviction, did not take into account that a death had occurred in committing this crime of violence. Let me ask you more generally. Do you agree that under the Supreme Court's decision in Gall, the district court is required, with a sentence like this, to explain its decision making, why it picked that sentence? I would believe so. There has to be an adequate explanation. And part of our job is to review whether that explanation is adequate, with great discretion given to the sentencing judge. Yes, the district court judge has discretion in this court. If you have a case like this, with a principal argument made extensively by the defendant for mitigation, is explained, set forth, and argued at length, and the judge then in the sentence says nothing at all about that argument, do we have an explanation of the sentence that we can review? With all due respect, in this case, the district court did discuss the age. The district court did compare the victim's age to the defendant's age. Okay, let me then ask you a hypothetical. Let's put to one side the colloquy you just had with Judge Aframe. Let's assume the judge said nothing about age. Would that be a problem? That would be a harder question for me to answer. But here, in this case, that did not  And to get away from that, to avoid that harder question, you're therefore relying on your position that his mention of the fact that the defendant's age was similar to the victim's age is an adequate explanation of why he chose not to give sentencing weight to the victim. to the defendant's age. Here, we have to look at the totality of the circumstances. Here, he discussed the age, he discussed comparison between the victim's age and Mr. Flores' age, but he also discussed the seriousness of the offense here, which goes to show, it leads to an inference that the district court did consider the mitigating arguments, but simply did not weigh them in a way that Mr. Flores would have liked. Indeed, Mr. Flores also put forth other mitigating arguments before the district court, discussing the lack of father figure, that he was using drugs at an early age, and then his school behavior while incarcerated, like getting his GED. And the district court mentioned this, the district court mentioned that Mr. Flores' father had died in 2003, the district court also mentioned that Mr. Flores had a high school education, and that he's drug use. So the district court did engage with these mitigating factors that were put forth in front of it, and the record shows that the district court simply did not weigh them in a way that Mr. Flores would have liked. And not only that, but the district court also had before it an extensive argument about the age, not only at the sentencing hearing, but also in the sentencing memorandum that was filed by Mr. Flores. Did the district court conclude that the age should not count, or should not be worth any reduction? In the judge's mind, the age wasn't worth the reduction Mr. Flores was asking for. How do you know the judge thought that? Simply looking at how the district court weighed the aggravating factors in this case, and also mentioning the mitigating factors, that goes to show that the district court within its discretion weighed these factors, and ultimately determined that the 361 sentence was the most appropriate sentence in this case. Thank you. The government asks that the court affirm. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? He has a two minute rebuttal. Your Honor, it's Lucas Anderson for the appellant. Counsel repeatedly referenced the fact that at one point, the district court compared my client's age to the victim's age. We point this out in our reply brief, page 17 and footnote 10. The district court said this victim was 20 years old, just one year older than Mr. Flores at the time of this offense. So if we do the math, 20 minus 1, we can see that the district court, it has a very good indication the district court had no idea that my client was actually just over 18 years old at the time of this offense. So I think that statement on the record quite cuts against the government's argument. Now, I've already said why I believe that this court's prior ruling in this own case precludes the finding that my client's trial attorney waived an argument with respect to our second point on appeal. With respect to our first point, we cited to the Teixeira case where there was a defense attorney who was listening to a court render judgment, give an explanation for why he was revoking supervised release, and then moved on to the sentencing proceeding. And I've looked at the addendum in that case. I believe it was pages 42 through 43 of the addendum there. And there's an argument to make that the trial attorney there had more of an opportunity to go back and say, wait, Judge, by the way, what you did before, I don't think that was right, you saying that your own personal experience with firearms is part of what motivated your decision. This court said in Teixeira that the trial attorney did not waive an argument there because looking at the practicalities, you just don't do that to a district court after its imposed sentence. And so I think a ruling to the contrary with respect to our first point on appeal and the waiver issue just couldn't jive with the Teixeira case. I invite any further questions from the court as to any of our points. Hearing none, I thank the court. Thank you.